UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cr-00505-JAR |
| | ) | |
| ANTHONY VIRDURE, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant Anthony Virdure, represented by defense counsel Jeff Becker, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts 1 and 4 of the charge, the Government agrees to move for the dismissal as to the defendant of Counts 2 and 3 at the time of sentencing. Moreover, the United States agrees that no further federal prosecution will be brought in this District relative

1

to the defendant's mail theft or loan fraud during the time frame alleged in the Indictment of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

The defendant also agrees, pursuant to the guilty plea to Counts 1 and 4, to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including but not limited to: a forfeiture money judgment in the amount of ~~$20,832.~~ $89,318.31 — ᴅJW — JBB AV

3. **ELEMENTS:**

As to Count 1, the defendant admits to knowingly violating Title 18, United States Code, Section 1708, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

One, the defendant voluntarily stole or took a letter enclosing a check;

Two, the letter enclosing the check was in an authorized depository for U.S. mail matter; and

Three, in so doing the defendant intended to deprive the addressee temporarily or permanently of the letter enclosing the check.

2

As to Count 4, the defendant admits to knowingly violating Title 18, United States Code, Section 1343, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

One, the defendant voluntarily and intentionally devised or participated in a scheme to obtain money by means of material false representations or promises, specifically, a PPP loan obtained through the defendant's false representations regarding his gross income and employment;

Two, the defendant did so with the intent to defraud;

Three, the defendant used, or caused to be used, an interstate wire communication, that is, the transmission of a loan application, in furtherance of, or in an attempt to carry out, some essential step in the scheme.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

At all times relevant to the charged counts, Defendant Virdure was employed by the United States Postal Service as a mail handler. Defendant Virdure was assigned to the United States Postal Service Processing and Distribution Center, located at 1720 Market Street, St. Louis, MO 63144 in the Eastern District of Missouri.

As a mail handler, Defendant Virdure had access to all first-class mail routed through the Market Street Processing and Distribution Center. On December 1, 2023, Postal Inspectors responded to the Hazelwood Police Department to examine 30 stolen checks that were found in a rental vehicle upon its return to the Enterprise Rent A Car center. Based on the recipient addresses

3

on the checks, Postal Inspectors determined that the checks had been routed through the St. Louis Processing and Distribution Center where Defendant Virdure was employed as a handler. The checks were submitted for fingerprint analysis, which confirmed the presence of Defendant Virdure's fingerprints on check number 128570 in the amount of $1,078.46 made payable to "WOP," at 500 East Broadway, Alton, IL 62002, that had been sent in a letter through the United States mail that had been routed through the Processing and Distribution Center where Defendant Virdure worked as a mail handler. Defendant Virdure had stolen the letter and removed the check it contained. "WOP" confirmed that they had mailed the check recovered from the Enterprise vehicle, and that the check had never been received by the intended recipient. The stolen checks recovered from the Enterprise rental vehicle had a total value of $92,800.33 and were taken from 10 or more victims.

On January 3, 2024, Postal Inspectors were contacted by Frontenac Police Department regarding approximately 290 checks recovered from the Senate Square Apartments, 1921 Sydney St., St. Louis, MO 63104. The apartment leasing company contacted the police after the apartment management company had discovered the checks in an apartment previously vacated by the tenant. The checks were drawn on different accounts and were made out to different recipients. All of the checks had been routed through the Processing and Distribution Center where Defendant Virdure was employed as a mail handler. Defendant Virdure's fingerprints were recovered from check number 24358 in the amount of $752.51 made payable to CC that the sender had mailed through the US Mail.

On April 30, 2024, law enforcement agents executed search warrant at 5 Cabanne Townhome Drive St. Louis, MO 63112. Investigators discovered 298 stolen checks made out to various companies and individuals and drawn on numerous different accounts. The checks

4

recovered during the execution of the search warrant included the following checks, each of which had Defendant Virdure's fingerprints and each of which had placed in the US Mail by the senders, totaling $66,861.77. The total monetary amount of the checks stolen from the mail by Defendant Virdure was $68,486.31,

In April 2021, Defendant Virdure applied for a sole proprietor Paycheck Protection Program ("PPP") loan in the amount of $20,832 in April 2021. The loan application was submitted by means of interstate wire transmission. In that loan application, he falsely represented that he was the sole proprietor of a tobacco store making $100,000 in gross income. Defendant Virdure submitted a Schedule C purportedly filed with the IRS and listing the $100,000 in gross income figure, which in fact, Defendant Virdure had never filed with the IRS. Defendant Virdure was not a sole proprietor of a tobacco store, and had not earned $100,000 in gross income the previous year. Acting in reliance on Defendant Virdure's misrepresentations, the SBA approved the loan application and issued Defendant Virdure a PPP loan in the amount of $20,832.00.

## 5. **STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty in Count 1 is imprisonment of not more than 5 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 3 years.

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty in Count 4 is imprisonment of not more than 20 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 3 years.

## 6. **U.S. SENTENCING GUIDELINES (2024 MANUAL):**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following U.S. Sentencing Guidelines Total Offense Level provisions apply.

**a. Chapter 2 Offense Conduct:**

**(1) Base Offense Level:** The parties agree that the base offense level as to Count 1 is 6, as found in Section 2B1.1(a)(2). The parties agree that the base offense level as to Count 4 is 7, as found in Section 2B1.1(a)(1).

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

The loss associated with the offenses of conviction is more than $40,000, resulting in an offense level increase of 6, per 2B1.1(b)(1).

The offense involved 10 or more victims, resulting in an offense level increase of 2, per 2B1.1(b)(2)(A).

The offense involved conduct described in 18 U.S.C. § 1040, resulting in an offense level increase of 2, per 2B1.1(b)(12).

**b. Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If the Government subsequently receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's

6

eligibility for this deduction, the Government may present said evidence to the Court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

(2) **Other Adjustments:** The parties agree that the following additional adjustments apply: None.

c. **Other Adjustment(s)/Disputed Adjustments:** None.

d. **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is 14.

e. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

f. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

a. **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1)   Non-Sentencing Issues:**   The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

**(2) Sentencing Issues:**  The parties agree to waive the right to appeal all sentencing issues except those related to: (1) application of Sentencing Guideline offense-level adjustments (including those based on criminal history) not specifically set forth in the plea agreement or non-application of adjustments specifically set forth in the agreement; (2) calculation of the defendant's criminal history category; or (3) substantive reasonableness of the sentence—above the Guideline range ultimately determined by the Court for appeals taken by the defendant, or below that range for appeals taken by the Government.

**b.  Habeas Corpus:**  The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c.  Right to Records:**  The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to

sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

e. **Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will

9

be due and payable immediately.  Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c).  Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss.  The defendant agrees to provide full restitution to all victims of all charges in the indictment in the amount of $89,318.31.

g.  **Forfeiture:**  The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States.  The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice.  By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities.  Defendant agrees to the entry of a forfeiture money judgment against the defendant and in favor of the Government in the amount of $89,318.31.  The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence.  The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government

10

and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all

11

possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its

12

option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12.  NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

7-30-25

Date

Gwendolyn E. Carroll
Assistant United States Attorney

7-30-25

Date

Anthony Virdure
Defendant

7/30/25

Date

Jeff Becker
Attorney for Defendant

13